Ms. Kay Barnhill Terry State Personnel Administrator Office of Personnel Management Department of Finance and Administration 1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Terry:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp 2007) on behalf of a number of state employees, for an opinion on whether your decision concerning the release of certain information from the Arkansas Administration Statewide Information System or "AASIS" in response to a request made under the Arkansas Freedom of Information Act ("FOIA") is consistent with that law. See A.C.A. § 25-19-101 to-109 (Supp. 2007. Specifically, you note that the Office of Personnel Management received an FOIA request for an electronic copy of the AASIS database to include employee name, job title, salary, agency name, work address, voice telephone number, fax number, and e-mail address. A number of employees reportedly seek non-release of this information based on various safety-related concerns.
It is my understanding that you intend to release the requested information, to the extent it is included in the requested database. My statutory duty under A.C.A. § 25-19-105(c)(3)(B)(i) is to state whether the decision of the custodian is consistent with the provisions of the FOIA.[1] *Page 2 
RESPONSE
In my opinion, your decision is consistent with the FOIA.
I addressed a very similar request in a previous opinion, Attorney General Opinion No. 2007-070. I have enclosed a copy of that opinion for your review. In that opinion, I concluded, among other things, that information contained in the AASIS database detailing state employees' names, job titles, salaries, agency name, agency codes, work addresses, and work phones (to the extent included in the database) was open to inspection and copying under the FOIA.[2] I will not restate the analysis of that opinion herein. It is sufficient to note that the opinion addresses all of the items at issue in the current FOIA request, and that my opinion has not changed since the issuance of Op. Att'y Gen.2007-070.[3] In my opinion, the public interest in the release of this information prevails over the concerns reported on behalf the employees who seek non-release of the information. It is therefore my opinion that your decision to release the listed information is consistent with the provisions of the FOIA.
As I stated in 2007, however, this opinion does not preclude anyone from pursuing judicial remedies afforded by the FOIA. The custodian's decision is subject to court review under A.C.A. § 25-19-107 (Repl. 2002), which provides for a citizen's appeal to enforce the rights granted by the FOIA. Such an appeal may be made to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party. Id. *Page 3 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I should note that your summary of the employees' concerns raises several questions that are outside the scope of my review under A.C.A. § 25-19-105(c)(3)(B), which does not extend to addressing particular questions posed by custodians, subjects and requesters. Accord Op. Att'y Gen. 2008-078 ("Strictly speaking, I am `not authorized or required to answer specific questions posed by custodians.' Op. Att'y Gen.2005-268."); Op. Att'y Gen. 2006-071.
[2] As noted in Op. 2007-070 at n. 2, the database apparently contains no e-mail addresses.
[3] One matter that potentially distinguishes the 2007 opinion from your submission involves the reported fact that the requester in this instance is not an Arkansas citizen. As noted in previous Arkansas Attorney General opinions, the FOIA only requires that access to records be provided to Arkansas citizens. See, e.g., Op. Att'y Gen. 2001-314 at n. 1 (citing A.C.A. § 25-19-105(a)(1), which provides in relevant part that "all public records shall be open to inspection and copying by any citizen of the State of Arkansas. . . ."). See also Op. Att'y Gen. Nos. 97-071, 96-190, 94-235, and 91-226 at n. 1; J. Watkins R. Peltz,The Arkansas Freedom of Information Act (m m Press, 4th ed. 2004) at 74. If, in fact, the requester is not a citizen of Arkansas, then that clearly would be a basis for denying the request. I will note, however, that one federal circuit court has addressed the constitutionality, under the Privileges and Immunities Clause, of a similar restriction in Delaware's FOIA, and has held it unconstitutional. Lee v. Minner,458 F.3d 194 (3rd Cir. 2006). The Third Circuit decision is not binding in Arkansas.